UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW KANG, *et al.*,

       Plaintiffs,

v.

SOUTHERN GRACE PAIN AND
REGENERATIVE MEDICINE,
LLC, *et al.*,

       Defendants.

_____ /

Case No. 26-11164

Hon. F. Kay Behm
U.S. District Judge

## ORDER GRANTING REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY AND ORDERING AMENDED RESPONSE TO SHOW CAUSE ORDER

Plaintiffs Andrew Kang, AKCOE, LLC, and Bachman Edmunds, LP, filed this civil action in the Monroe County Circuit Court on or about March 16, 2026. Defendants Southern Grace Pain and Regenerative Medicine, LLC, Southern Grace Precision and Aesthetics, LLC, Sweetgrass Counseling Services, LLC, William Blane Richardson, Valerie Zanghirella Richardson, Craig Monson, Karen Monson, Abrah Gruber, Jonathan Gruber, and Jennifer Shand (hereinafter collectively the "Defendants"), removed this case to federal court on April 9, 2026. ECF No. 1.

1

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).  Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be "meticulous" as to jurisdictional allegations.  *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).  After reviewing the notice of removal and complaint, the court sought assurance that it has subject-matter jurisdiction over this matter.  *See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022) (reiterating the district court's duty to assure subject matter jurisdiction at the earliest opportunity).

The court was at that time satisfied that the notice of removal addresses the citizenship of each party who is a natural person. However, the notice of removal included only the following information about the citizenship of the LLC and LP parties:

> Defendants, Southern Grace Pain and Regenerative Medicine, LLC; Southern Grace Precision and Aesthetics, LLC; and Sweetgrass Counseling Services, LLC (hereinafter collectively the "Corporations") are citizens of the State of

2

> South Carolina.  The Defendants' places of
> business are in the State of South Carolina.

ECF No. 1, PageID.3 (emphasis omitted).

> Plaintiff AKCOE, LLC, is a limited liability
> company affiliated with Kang**,** which does
> business within the jurisdiction of this Court . . . .

> Plaintiff Bachman Edmunds, LP, is a limited
> partnership affiliated with Kang, which
> does business within the jurisdiction of this
> Court, . . . .

ECF No. 1-1, PageID.15.

Without more information, the court could not conclude that it has

subject matter jurisdiction over this matter, and sought more

information about the LLC and LP entities.  ECF No. 4.  Defendants

timely responded to the show cause order, and supplied the following

information about Defendants:

> Defendant Southern Grace Pain and
> Regenerative Medicine, LLC is a limited liability
> company formed under the laws of South
> Carolina, and its sole member is William Blaine
> Richardson who is a citizen and resident of
> Kentucky.  Defendant Southern Grace Precision
> and Aesthetics, LLC is a limited liability
> company formed under the laws of South
> Carolina, and its sole member is William Blaine
> Richardson who is a citizen and resident of
> Kentucky.  Defendant Sweetgrass Counseling
> Services, LLC is a limited liability company
> formed under the laws of South Carolina, and its

3

> sole member is Valerie Zanghirella Richardson
> who is a citizen and resident of South Carolina.

ECF No. 17, PageID.153-54 (internal record citations omitted).

Regarding Plaintiffs, however, information was harder to come by:

> Defendants were unable to locate AKCOE, LLC
> on the Michigan Secretary of State website.  The
> Illinois Secretary of State website reflects that
> Plaintiff AKCOE, LLC is a limited liability
> company, that Andrew Kang is the sole manager,
> and that AKCOE, LLC and Mr. Kang have an
> address in Chicago, Illinois.
>
> Defendants were unable to locate Bachman
> Edmunds, LP on the Michigan Secretary of State
> website.  Defendants were unable to locate
> Bachman Edmunds, LP on the Illinois Secretary
> of State website.  Defendants were also unable to
> locate Bachman Edmunds, LP on the Secretary of
> State websites associated with Defendants:
> Kentucky, South Carolina, or Utah.

ECF No. 17, PageID.155-56 (internal record citations omitted).

This information raised the issue not only of the continued uncertainty of the complete citizenship of AKCOE, LLC, and Bachman, LP, but also the citizenship of Plaintiff Kang, who although Defendant stated the complaint alleged was a citizen of Michigan, the complaint only refers to as "residing" in the state of Michigan.  ECF No. 1-1, PageID.15; *see Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("A mere averment of residence does not aver

citizenship") (cleaned up).[1]  The new information that Kang has an address in Illinois raises the question of his domicile (though, granted, an Illinois domicile would still be diverse from all Defendants).  *See Prime Rate*, 930 F.3d at 765.

Defendant asks the Court to allow it to engage in limited jurisdictional discovery in order to ascertain the citizenship of the Plaintiffs. The Sixth Circuit has found that district courts have the discretion to allow that under these circumstances.  *See Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 WL 165961, 2023 U.S. App. LEXIS 843, at \*3 (6th Cir. Jan. 12, 2023) (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)).

Accordingly, the court **GRANTS** Defendants' request to engage in limited jurisdictional discovery, in order to ascertain the citizenship of Plaintiffs Kang, AKCOE, LLC, and Bachman Edmunds, LP.

Specifically, limited discovery is opened to ascertain:

(1) that Plaintiff Kang is the only member of Plaintiff AKCOE, LLC, or if other members exist, the citizenship of any other member of AKCOE, LLC,

---

[1] The notice of removal identifies all other parties who are natural persons as "citizens" of given states.  ECF No. 1, PageID.3.

5

(2) whether Plaintiff Kang is domiciled in Michigan, Illinois, or both, or any other state, and

(3) ascertain the existence of Bachman Edmunds, LP, and the citizenship of its partners.

The court **FURTHER ORDERS** that, after ascertaining the citizenship of these parties, Defendants shall file an amended response to this court's Show Cause Order.  Defendants shall file status updates every 30 days on this matter until their amended response is filed; Defendants' status updates generally should not exceed 2 pages or less.

**SO ORDERED**.

Date: May 5, 2026                     s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge

6